UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Civil Action No. 5:22-cv-00129-LLK

**GENEVIEVE N.**                                                                    **PLAINTIFF**

**v.**

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**           **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

      This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  Plaintiff's fact/law summary is at Doc. 13, and the Commissioner's response in opposition is at Doc. 15.  The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.  [Doc. 7].

      Because Plaintiff's five arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Background facts and procedural history**

      In December 2014, orthopedic surgeon Clint Hill, M.D., performed surgery on Plaintiff's thoracic spine at the T8-T9 level due to pain that wrapped around Plaintiff's body under her breasts and rib cage. [Administrative Record, Doc. 6 at 41, 526].  The surgery was only partially successful, and the ALJ acknowledged that radiographic evidence indicated that there was some "significant [post-surgical] disc space collapse T8-9 without instability." *Id.* at 713.

      Nevertheless, after the surgery, Plaintiff worked as an industrial cleaner.  She exacerbated her spinal condition on the job and applied for long term disability (LTD) benefits through her employer.  On May 18, 2018, Dr. Hill completed a Physical Capabilities Evaluation form in support of Plaintiff's LTD claim.

*Id.* at 683-85.  In completing the form, Dr. Hill indicated that Plaintiff should avoid all activities until after he had reevaluated her on April 1, 2019.  In the meantime (until April 2019), Dr. Hill found that Plaintiff can sit, stand, walk "0" hours; lift, carry, push, pull "0" pounds; has "no" ability to use hands (to grasp, manipulate objects, etc.); has "no" ability to engage in postural activities (such as bending or stooping); has "no" capacity to tolerate exposure to environmental hazards (such as heights and heavy machinery); etc.  In this round-about manner, Dr. Hill indicated that Plaintiff should not engage in work-like activities until April 2019.

Dr. Hill died in a plane crash in October 2019.  [Doc. 13].  There is no opinion in the record from Dr. Hill or the doctors Dr. Hill worked with (for the period beginning in April 2019) concerning Plaintiff's permanent work-related restrictions.

In May 2020, Plaintiff filed a prior complaint seeking judicial review of the final decision of the Commissioner.  *Genevieve N. v. Comm'r*, No. 5:20-cv-00086-LLK, Doc. 1.  The Commissioner and Plaintiff agreed to a remand for a new decision and further administrative proceedings pursuant to Sentence 6 of 42 U.S.C. § 405(g).  No. 5:20-cv-00086-LLK, Doc. 16.  The only specific mandate in the order was that "[o]n remand, the Administrative Law Judge will reevaluate the [May 2018] medical opinion of Clint Hill, M.D. in accordance with 20 C.F.R. § 404.1520c."  *Id.*  20 C.F.R. § 404.1520c codifies the rules for weighing medical opinions.

### The ALJ's evaluation of Dr. Hill's opinion

On remand, the ALJ stated that she was not "persuaded by this opinion" of Dr. Hill from May 2018 for five reasons.  [Doc. 6 at 715].  First, according to the ALJ (and as detailed above), the opinion is not a medical opinion regarding Plaintiff's permanent limitations.  *Id.*  Second, the opinion is not "supported with any explanation but is instead a completed form."  *Id.  See Ellars v. Comm'r*, 647 F. App'x 563, 566 (6th Cir. 2016) (An ALJ may "properly give little weight" to findings on a "check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings.").  Third, the

opinion is extreme and implausible on its face as it suggests that Plaintiff is "bedbound and unable to go from a seated to standing position, brush teeth, or lift a spoon." *Id.* Fourth, Plaintiff's daily activities (even minimal activities such as feeding the chickens) belie a complete lack of physical capabilities. *Id.* Fifth, Plaintiff's medical records belie a complete lack of physical capabilities. *Id.* Specifically, the medical records indicate that Plaintiff's "gait has consistently been reported as normal" and "[s]trength in the lower and upper extremities has been intact." *Id.*

### The ALJ's decision

On January 12, 2022, the ALJ issued the Commissioner's final decision. [Doc. 6 at 708-17]. The ALJ denied Plaintiff's DIB claim, finding lack of disability during the closed period from October 15, 2014, when she alleges that she became disabled, through March 31, 2019, when she was last insured for Title II benefits. *Id.*

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that, during the closed period, Plaintiff did not engage in substantial gainful activity. *Id.* at 711.

Second, the ALJ found that Plaintiff had the following severe, or vocationally significant, impairment: degenerative disc disease of the thoracic spine. *Id.*

Third, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.*

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found that, notwithstanding her degenerative disc disease of the thoracic spine, Plaintiff can:

> … perform a range of light work as defined in 20 CFR 404.1567(b) … can lift and/or carry 20 pounds occasionally and 10 pounds frequently … is able to sit, stand, and/or walk 6 hours in an 8 hour day

> … should never climb ladders … may occasionally perform other postural activities … should never twist … should avoid concentrated exposure to hazards such as unprotected heights or moving/dangerous machinery.

*Id.*

Fourth, the ALJ found that Plaintiff was able to perform her past relevant work as a receptionist. *Id.* at 716.

The ALJ did not reach the fifth and final step of the evaluation process, which concerns ability to perform jobs other than past relevant work that exist in significant numbers in the national economy.

## Discussion

As detailed above, the ALJ denied Plaintiff's DIB claim at the fourth step of the sequential evaluation process, finding that Plaintiff retained (during the relevant period) the ability to perform her past relevant work as a receptionist. [Doc. 6 at 716]. The vocational expert (VE) testified that the receptionist job is listed in the Dictionary of Occupational Titles (DOT) at DOT § 237.367-038. *Id.* at 742. The VE testified that Plaintiff retains the ability to perform the job as actually and generally performed in the national economy provided she can "sit for up to two hours at a time and stand for up to an hour at a time." *Id.* at 744-45. The VE clarified that the job is performed primarily from a seated position and that, while Plaintiff might choose to stand for up to an hour at a time, the time standing "could be as short a time as, you know, five minutes." *Id.* at 745.

Plaintiff identifies no evidence, which the ALJ was required to accept, that her degenerative disc disease of the thoracic spine precludes her from being able to "sit for up to two hours at a time and stand for up to an hour at a time." *Id.* at 744-45. Therefore, at best, Plaintiff's arguments identify harmless error. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507 (6th Cir. 2006) ("[N]o principle of administration law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.").

**Plaintiff's first, second, and third arguments are unpersuasive.**

Plaintiff's first, second, and third arguments pertain to the ALJ's evaluation of the limiting effects of her pain and other subjective symptoms. [Doc. 13]. Specifically, Plaintiff argues that:

A.  The Medical Evidence Supports Persistent Pain Post-Surgery

B.  The Hearing Testimony Supports Persistent Thoracic and Wrap-around Pain

D.  The ALJ's Minimization of Ms. Noles' Complaints of Pain is Unfounded

*Id.* at PageID.1101, 1107, 1110.

The standards for determining the limiting effects of pain and other subjective symptoms are codified at 20 C.F.R. § 404.1529, and the ALJ's application of those standards begins at page 5 of 10 of her written decision. [Doc. 6 at 712]. "An ALJ's [pain] credibility assessment must be accorded great weight and deference." *Shepard v. Comm'r*, 705 F. App'x 435, 442 (6th Cir. 2017). Where the ALJ's evaluation of the medical opinions is supported by substantial evidence, "an [ALJ's pain] credibility findings are virtually unchallengeable absent compelling reasons." *Id.*

Plaintiff's first, second, and third arguments are unpersuasive for two reasons.

First, as stated above, the VE testified that Plaintiff retains the ability to perform her past relevant work as a receptionist if she can "sit for up to two hours at a time and stand for up to an hour at a time." [Doc. 6 at 744-45]. The ALJ was not required to find that Plaintiff's pain and other subjective symptoms preclude an ability to "sit for up to two hours at a time and stand for up to an hour at a time." *Id.* at 744-45.

Second, as stated above, "an [ALJ's pain] credibility findings are virtually unchallengeable absent compelling reasons" if the ALJ's evaluation of the medical opinions is supported by substantial evidence. *Shepard v. Comm'r*, 705 F. App'x 435, 442 (6th Cir. 2017). The ALJ's evaluation of the medical opinions is supported by substantial evidence (for the reasons discussed below), making the ALJ's pain credibility findings "virtually unchallengeable."

### Plaintiff's fourth and fifth arguments are unpersuasive.

As indicated above, the ALJ found that Dr. Hill's May 2018 opinion that Plaintiff has no physical capabilities is not supported by Plaintiff's medical records and is inconsistent with her daily activities. [Doc. 6 at 715]. Plaintiff's fourth argument is that "the medical opinion of Dr. Clint Hill is supported and consistent." [Doc. 13 at PageID.1112]. The argument is unpersuasive because, while medical records and daily activities may reflect some physical restriction, neither indicates that Plaintiff has no physical capabilities (whatsoever).

Plaintiff's fifth argument is that, in light of the vocational testimony, acceptance of Dr. Hill's opinion "would eliminate all work." [Doc. 13 at PageID.1116]. The argument is unpersuasive because the ALJ was not required to accept Dr. Hill's opinion of no physical capabilities.

**Order**

Because Plaintiff's five arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

May 11, 2023

Lanny King, Magistrate Judge
United States District Court